IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES LORANG and MARCIA LORANG,

                Plaintiffs,

v.

DITECH FINANCIAL LLC,

                Defendant.

OPINION & ORDER

16-cv-425-jdp

---

Plaintiffs James and Marcia Lorang bring claims against defendant Ditech Financial LLC for violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; the Wisconsin Consumer Act, Wis. Stat. § 224.77; and the implied duty of good faith and fair dealing. Ditech owns and services plaintiffs' residential mortgage.

Now plaintiffs have moved for a preliminary injunction barring Ditech from confirming the sheriff's sale of plaintiffs' property, purportedly pursuant to Federal Rule of Civil Procedure 65. Dkt. 19. But plaintiffs misapply Rule 65: they do not seek injunctive relief in this action. In fact, this action does not concern their foreclosure. Rather, plaintiffs request that this court stay proceedings in their *state court* foreclosure action. Because the Anti-Injunction Act bars the requested injunction, the court will deny plaintiffs' motion.

BACKGROUND

Plaintiffs' story is complicated, but only a few facts are relevant to the court's analysis here. Some time ago, plaintiffs defaulted on their mortgage. So Bank of America accelerated the loan and initiated a foreclosure action in state court. Bank of America eventually assigned

plaintiffs' mortgage to Ditech. In 2015, Ditech offered to consider modifying plaintiffs' loan. The parties dispute whether plaintiffs submitted all documents necessary to apply for a loan modification or other loss mitigation, and whether Ditech ever approved plaintiffs for a "trial period plan" to modify plaintiffs' mortgage payments. But for purposes of this motion, it is sufficient to note that plaintiffs never received a loan modification.

In May 2016, the state court granted summary judgment and entered judgment of foreclosure in favor of Ditech. Plaintiffs did not appeal the order. Ditech arranged to sell plaintiffs' property via a sheriff's sale on November 9, 2016, and Fannie Mae purchased the property. Plaintiffs had moved to stay the sale the day before, but the state court denied the motion.

On November 11, 2016, Ditech moved to confirm the sale of plaintiffs' property in state court. The confirmation of sale hearing is set for December 13, 2016.

ANALYSIS

Plaintiffs have framed their motion as one for a preliminary injunction pursuant to Rule 65. But plaintiffs' complaint does not seek injunctive relief—it is strictly an action for damages. Plaintiffs are actually asking the court to enjoin an unrelated state court foreclosure action, pending resolution of this federal action. In fact, plaintiffs have already moved the state court for the exact relief they seek now, and the state court denied the motion. To win the injunction they seek from this court, plaintiffs must make a very compelling showing of actual necessity. Plaintiffs argue that the requested injunction is necessary because if they prevail in this action and recover damages, they may have enough money to redeem their

property. But the Anti-Injunction Act prohibits the court from enjoining the state court action.

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Courts construe these three exceptions narrowly. *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)); *see also Zurich Am. Ins. Co. v. Superior Court for Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) ("Because of the Act's constitutional foundation, its three exceptions are to be applied narrowly[.]"). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast*, 398 U.S. at 297.

Because Congress has not expressly authorized the requested injunction, the court may grant plaintiffs' requested injunction only if it is "necessary in aid of [this court's] jurisdiction" or "to protect and effectuate its judgments." "Both exceptions to the general prohibition of [§] 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 294-95.

"Ordinarily, the 'aid of jurisdiction' exception to the Anti-Injunction Act applies only to parallel state *in rem* rather than *in personam* actions." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996). Exceptions to this general rule typically include highly unusual

3

complex cases, such as school desegregation cases, *see Garcia v. Bauza-Salas*, 862 F.2d 905, 909 (1st Cir. 1988), and complex multidistrict litigation, "where a parallel state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation," *Winkler*, 101 F.3d at 1202. But generally the necessary in aid of jurisdiction exception empowers federal courts to stay parallel state court actions "that might render the exercise of the federal court's jurisdiction nugatory." *Id.* at 1203. Put simply, the injunction must be *necessary*. *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 485 (7th Cir.), *cert. denied sub nom.*, *Nestle Purina PetCare Co. v. Curts*, 136 S. Ct. 32 (2015) ("No matter what one makes of the word 'jurisdiction' in § 2283, an injunction is proper only when 'necessary' to protect federal jurisdiction."). Necessary does not mean prudent, beneficial, helpful, or convenient. *Id.*; *see also In re Diet Drugs*, 282 F.3d at 234 ("[I]t may not be sufficient that state actions risk some measure of inconvenience or duplicative litigation.").

Plaintiffs have not demonstrated that the requested stay is necessary to this court's exercising jurisdiction over this case. In fact, they make no attempt to argue that it is. Rather, the injunction would serve to help them attempt to keep their home. Plaintiffs' reason for requesting the injunction does not affect the court's ability to resolve this case. The "necessary in aid of is jurisdiction" exception to the Anti-Injunction Act does not apply here.

And neither does the remaining exception. The "to protect or effectuate its judgments" exception permits federal courts to "enjoin litigation of matters finally adjudicated in federal court." *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 946 (7th Cir. 1981). This exception to the Anti-Injunction Act does not apply.

The court cannot grant the requested injunction. This case—regarding purported violations of RESPA and the FDCPA—is entirely separate from the state court foreclosure

action. Although the court understands plaintiffs' position, the fact that they have the opportunity to potentially recover damages here that they could apply to an outstanding debt does not make the actions related. And the fact that the state court judge may have implied (according to plaintiffs) that she would comply with a federal court order staying her case does not change the foregoing analysis. Accordingly, the court must deny plaintiffs' motion for a preliminary injunction. Dkt. 19.

ORDER

IT IS ORDERED that plaintiffs James and Marcia Lorang's motion for a preliminary injunction, Dkt. 19, is DENIED.

Entered December 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge