IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES LORANG and MARCIA LORANG,

                    Plaintiffs,

    v.

DITECH FINANCIAL LLC,

                   Defendant.

OPINION & ORDER

16-cv-425-jdp

---

This case is scheduled for trial on October 30, 2017, on a claim that defendant Ditech Financial LLC violated the Fair Debt Collection Practices Act (FDCPA) by making a false statement to plaintiffs James and Marcia Lorang. The court has dismissed all of the Lorangs' other claims. Dkt. 47.

The Lorangs have moved for reconsideration regarding the dismissal of two of their claims: (1) Ditech violated the Real Estate Settlement Procedures Act (RESPA) by failing to take actions required by 12 C.F.R. § 1024.41(c)(1)(ii) after Ditech received a complete "loss mitigation" application from the Lornangs; and (2) Ditech violated Wis. Stat. § 224.77(1)(m) by sending the Lorangs' mail to the wrong address, failing to provide a payoff statement, and falsely representing that the Lorangs' application was incomplete. Dkt. 53. For the reasons explained below, the court will deny the motion.

## ANALYSIS

The court dismissed both sets of claims that are the subject of the Lorangs' motion for reconsideration on the ground that the Lorangs had not met the relevant statute's requirement to show harm. RESPA requires the plaintiff to prove "actual damages" caused by a violation,

*Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016); the state statute requires the plaintiff to show that she was "aggrieved" by the violation. Wis. Stat. § 224.80(2). As to the RESPA claim, the court stated that the Lorangs "adduce[d] no evidence (or even ma[d]e the argument) that had Ditech evaluated the application, they would have been approved, and that they could have made the modified payments and kept their house." Dkt. 47, at 13–14. As to the state law claim, the court stated that "the Lorangs have not adduced any evidence that the fact that Ditech sent letters to Krekeler Strother (letters that the Lorangs eventually received), misrepresented the status of their application, and failed to provide a payoff statement caused the Lorangs to lose their home to foreclosure." *Id.* at 19–20.

The Lorangs challenge the court's dismissal of these claims on two grounds: (1) there is sufficient evidence to allow a reasonable jury to find that the Lorangs suffered the requisite harm; and (2) the dismissal is inconsistent with the court's conclusion to allow the Lorangs to proceed on a claim under the FDCPA. The court will consider each ground in turn.

## A. Evidence of harm

The Lorangs appear to be identifying two potential harms in their motion for reconsideration: (1) "white spots" on James Lorang's tongue; and (2) the failure to obtain a loan modification. Neither alleged harm provides a basis for reconsidering the dismissal of the Lorangs' claims.

As for the "white spots," the Lorangs said nothing about them in their opposition to Ditech's motion for summary judgment. The Lorangs say that they didn't have to identify the injury because Ditech didn't, but it is not a defendant's job to identify a plaintiff's potential harm. Ditech generally challenged the Lorangs' ability to show that they were harmed, which is all Ditech was required to do. *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) ("A

party that does not bear the burden of persuasion may move for summary judgment by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.") (internal quotations omitted). Accordingly, the Lorangs forfeited a claim for damages for physical harm or emotional distress by failing to include those issues in their summary judgment brief. In any event, the Lorangs cite nothing but James Lorang's own statement to support the allegation that Ditech's conduct caused the white spots on James' tongue. Dkt. 44, ¶ 27. James does not suggest that he has any medical training, so he does not have foundation to offer that opinion.

As to the Lorangs' failure to obtain a loan modification, the court noted in the summary judgment decision that the Lorangs had failed to adduce any evidence to show either that they would have been approved for a modification or that they could have made the modified payments. Now the Lorangs advance a new argument as to why they believe they could have made modified payments, but "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). In any event, even if the court assumes that the Lorangs could have made modified payments, they still identify no basis for finding that they would have received a modification. Accordingly, the alleged harms that the Lorangs identify in their motion do not require reconsideration of the summary judgment decision.

## B. Consistency of rulings

The Lorangs believe that the court should have allowed their RESPA claim and state law claim to proceed to trial on the same grounds that it allowed the FDCPA claim to proceed. The court acknowledges that there is some similarity among the three claims. Like the other two claims, the claim under the FDCPA involved the parties' dispute on the question whether

the Lorangs submitted a complete loss mitigation application. Because there was a genuine dispute whether the Lorangs submitted a complete application, there was also a dispute whether Ditech stated falsely that the Lorangs had failed to submit a complete application. Accordingly, the court allowed the Lorangs to proceed under FDCPA provisions that prohibit false statements. 15 U.S.C. § 1692e(2)(A) ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including but not limited to falsely representing "the character, amount, or legal status of any debt."); 15 U.S.C. § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer").

The Lorangs construe the court's decision as holding that they submitted sufficient evidence on their FDCPA claim to seek damages for emotional distress, so the court should reach a similar conclusion as to their claims under RESPA and state law. But the premise of this argument is incorrect. The court said nothing about injury or damages under the FDCPA claim because the parties did not raise that issue.

Although the summary judgment decision does not include any language or conclusions that support the Lorangs' motion, the motion does raise the question whether the Lorangs have identified an adequate injury as to their FDCPA claim. Although the question is a close one, the court concludes that they have.

Unlike RESPA, the FDCPA does not require a plaintiff to prove actual damages. *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages."). Although a plaintiff must identify *some* concrete injury to obtain standing to sue even when the statute at issue does not require one, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), the weight of authority in this

circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information. *E.g.*, *Marquez v. Weinstein, Pinson & Riley, P.S.*, No. 14 C 739, 2017 WL 4164170, at *4 (N.D. Ill. Sept. 20, 2017); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2017 WL 1427070, at *1, *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, No. 16 C 6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016). *See also Papetti v. Does 1-25,* 691 F. App'x 24 (2d Cir. 2017) (misleading representation confers standing under FDCPA because statute "protect[s] an individual's concrete interest[]" in being free from "abusive debt collection practices"). *But see Lyshe v. Levy,* 854 F.3d 855, 859 (6th Cir. 2017) (rejecting as "untenable" contention that "receiving false information in connection with debt collection activities" is "a concrete harm"). The Court of Appeals for the Seventh Circuit has not addressed the issue.

For now at least, the court will follow the trend in this circuit's district courts to conclude that a false statement is a sufficient injury to confer standing to bring a FDCPA claim. But allowing the Lorangs to proceed to trial on this claim does not mean that they are free to present theories of harm that the court has already rejected. As discussed in both this order and the summary judgment decision, the Lorangs have not adduced evidence from which a reasonable jury could find that the alleged misrepresentation caused them actual damages. Thus, if the Lorangs prevail at trial, they will be limited to the statutory damages provided under the FDCPA.

ORDER

IT IS ORDERED that the motion for reconsideration filed by plaintiffs James Lorang and Marcia Lorang, Dkt. 51, is DENIED.

Entered October 13, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge